UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 APR 24 AM 9: 36
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| HORACIO MOROS GHERSI )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CLARK FAMILY INDUSTRIES, INC., )<br>*et al.*, )<br>)<br>Defendant. ) | Civil Action No. CV-00-S-0990-NE<br><br>ENTERED<br>APR 2 4 2002 |

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion for summary judgment (doc. no. 25). Plaintiff is a citizen of Venezuela. The remaining defendant appears to be ITEC International, Inc., a corporate citizen of the U.S. Virgin Islands that has its principal place of business in Huntsville, Alabama.[1] The parties are before the court under 28 U.S.C. § 1332, with plaintiff suing in this court for recognition of a money judgment entered by a Venezuelan court on a breach of contract claim that plaintiff litigated there in 1998. The Venezuelan court entered a judgment of $171,827.49 against defendant, which defendant has refused to pay. As a result, plaintiff has sued defendant here for recognition of the foreign judgment, and seeks summary judgment on the grounds that the foreign judgment is entitled to recognition due to considerations of comity.

Defendant's opposition to summary judgment, and to this court's recognition of the Venezuelan judgment, hinges on two arguments: first, because plaintiff allegedly never effected valid service of process upon defendant, and second, because the Venezuelan proceedings allegedly did not afford defendant due process under United States' standards.[2] Upon consideration of the

---

[1] *See* Second Amended Complaint (doc. no. 11), ¶ 4.

[2] *See* Brief in Opposition (doc. no. 30), at 17-19.



motion, pleadings, and evidentiary submissions, plaintiff's motion is due to be denied.

## I. DISCUSSION

Since *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the recognition and enforcement of foreign country judgments is considered a matter of state law by courts entertaining such questions under diversity jurisdiction, unless an overriding federal law is controlling. *See Restatement (Third) of Foreign Relations Law of the United States* § 481 cmt. a (1986 Main Vol.). There is no such controlling provision of federal law applicable to this action. Further, because there is little instructive case law authority from the Alabama state and federal courts, and because Alabama has not adopted the Uniform Foreign Money-Judgments Recognition Act, this court's inquiry is made more difficult. In addition, a search of reported federal and state case law by this court failed to locate decisions recognizing (or even considering) Venezuelan money judgments (a factor that has been persuasive to other courts). With this lack of instructive authority, the court looks to the *Restatement (Third) of Foreign Relations Law of the United States* for guidance.

According to the *Restatement*, a final judgment from a foreign court that grants a sum of money is conclusive between the parties, and is entitled to recognition in the courts of the United States in accord with considerations of comity. *See id.* § 481(1). A foreign judgment should be recognized to the same extent that a judgment of a court of one state is recognized in the courts of another state; as a result, a foreign country judgment usually has no greater effect in the United States than in the country where the judgment was rendered. *See id.* cmt. c (citing *Restatement (Second) of Judgments* §§ 18-20; *Restatement (Second) of Conflict of Laws* § 98 cmt. f (1986)). Relevant here to defendant's arguments is the fact that a judgment rendered by a court not having personal jurisdiction over a judgment debtor is not entitled to recognition. *See id.* § 481 cmt. i.

In addition, this court will not recognize a foreign judgment unless it determines that the foreign court's proceedings comport with United States' standards of due process. Specifically, the court will examine whether there was a full and fair opportunity for a trial in the foreign court; that a trial was conducted "upon regular proceedings, after due citation or voluntary appearance by the defendant"; under an impartial system of jurisprudence; and that there was no prejudice, fraud, or any other special reason why the court should not recognize the foreign judgment. *Hilton v. Guyot*, 159 U.S. 113, 202-03 (1895); *see also Parsons v. Bank Leumi Le-Israel, B.M.*, 565 So. 2d 20, 24 (Ala. 1990). If comity warrants recognition of the judgment, the court is not permitted to reconsider the merits of the action. *See Hilton*, 159 U.S. at 205-06.

Again, defendant opposes summary judgment, and this court's recognition of the Venezuelan judgment, on two grounds: first, because plaintiff allegedly never effected valid service of process upon defendant, and second, because the Venezuelan proceedings allegedly did not afford defendant due process.[3] Plaintiff fails to satisfactorily address either of defendant's arguments in its reply brief to defendant's opposition brief to the motion for summary judgment.[4]

As to the first of defendant's arguments, plaintiff attempted to give notice to defendant of the Venezuelan action by publication, following an order of the Venezuelan court that plaintiff publish a notice about the action in two Venezuelan newspapers, once a week over a period of five weeks.[5] Defendant contends that, despite this publication, it did not have notice of the litigation and, further, that Alabama law does not permit service on a corporation by publication, per Alabama Rule

---

[3] *See id.*

[4] *See* Plaintiff's Reply Brief (doc. no. 31).

[5] *See* Brief in Opposition (doc. no. 30), at 15.

3

of Civil Procedure 4.2.[6] Decisions of the Alabama Supreme Court appear, however, to contemplate service by publication on corporations under Rule 4.3, the appropriate rule to apply here. *See, e.g., Wise v. Siegel*, 527 So. 2d 1281, 1282 (Ala. 1988).

Despite defendant's objections, service on defendant may have been proper, because plaintiff first attempted service on defendant's attorneys in Venezuela (although they refused to represent defendant).[7] Alabama Rule 4.3(b) provides that service must be attempted by one of the methods provided for in Rule 4.1 before publication will be an acceptable method of service. *See* Ala. R. Civ. P. 4.3. Defendant's Venezuelan attorneys were served with a summons by plaintiff — an acceptable method of service under Rule 4.1(b).[8] *See* Ala. R. Civ. P. 4.1. Further, according to Rule 4.3, publication is to be accomplished in the county of the suit's filing — here, that would seem to be in Venezuelan newspapers. Finally, when defendant did not answer the notices, the Venezuelan court appointed an attorney to represent defendant, who then accepted service on defendant's behalf.[9]

Despite these measures, the court concludes that material questions of fact remain as to whether defendant was properly served or given notice of the Venezuelan action. For example, the Venezuelan court-appointed attorney claims that he telegrammed defendant regarding the Venezuelan litigation; defendant suggests that the telegram was transmitted following defendant's dissolution, however, and thus did not reach defendant's ears.[10] In light of this material factual

---

[6] *See id.* at 18-19.

[7] *See id.* at 14-15.

[8] *See* Brief in Support (doc. no. 28), at 4.

[9] *See id.* at 4-5.

[10] *See* Plaintiff's Reply Brief (doc. no. 31), at 4-5.

4

dispute, plaintiff is not entitled to summary judgment on this issue.

Defendant also contends that the Venezuelan court did not act in accord with standards of due process, a conclusion that would prevent this court from recognizing the Venezuelan judgment. Defendant contends that the foreign judgment is flawed for at least two reasons: (1) because the foreign judgment was essentially entered by default (despite the appointment by the Venezuelan court of an attorney for defendant), and that the default judgment is different than the demand prayed for in the complaint, in contravention of Alabama Rule 54(c); and, (2) because the Venezuelan court employed an impermissible methodology in determining the amount owed under the judgment in U.S. dollars.[11] To clarify the latter argument, defendant asserts that the Venezuelan court converted the money judgment to Venezuelan currency (Bolivars), although the lease and judgment were cast in U.S. dollars, then adjusted the judgment for deflation of the Bolivar, then added a 60% "premium" to the judgment in Bolivars, and, finally, converted the judgment back to U.S. dollars.[12] Although it is possible that this "premium" is a permissible addition of interest to the judgment, without more evidence, the court is unable to determine that the Venezuelan court's method for valuing the foreign money judgment was in line with due process. Consequently, it appears that material questions of fact remain as to whether the Venezuelan proceedings comport with due process, especially in light of plaintiff's failure to address defendant's arguments in its reply brief submitted to the court.

For the foregoing reasons, plaintiff's motion for summary judgment is due to be denied. An order consistent with this memorandum opinion shall be issued contemporaneously herewith.

DONE this 23rd day of April, 2002.

_____
United States District Judge

---

[11] *See* Brief in Opposition (doc. no. 30), at 20-23.

[12] *See id.* at 23.